UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY WILLIAM CONLEY,

       Petitioner,

v.

UNITED STATES OF AMERICA

       Respondent.
_____/

Case No. 1:07-CV-1111
(Criminal Case No. 1:04-CR-232)

HON. GORDON J. QUIST

# OPINION

## I. Introduction

This Court has before it Bradley William Conley's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

## II. Statement of Facts

On March 10, 2005, Petitioner pled guilty to: conspiring to open U.S. Mail, obstruct correspondence, and commit bank fraud in violation of 18 U.S.C. § 371; obstructing correspondence

in violation of 18 U.S.C. § 1702; using stolen identification in violation of 18 U.S.C. § 1028; and committing bank fraud in violation of 18 U.S.C. § 1344. On July 7, 2005, Petitioner was sentenced to 96 months incarceration. He appealed his sentence. The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's sentence on August 24, 2006. On November 5, 2007, Petitioner timely filed this motion under 28 U.S.C. § 2255. Petitioner now claims: (1) he was denied effective assistance of counsel; (2) sentence enhancement was improper; and (3) he was the victim of prosecutorial misconduct.

### III. Ineffective Assistance of Counsel

Petitioner makes two arguments to support his claim of ineffective assistance: counsel allegedly told Petitioner he would not receive more than five years incarceration; and counsel mishandled his appeal by requiring additional funds, failing to consult Petitioner, and providing services that were "weak and sloppy at best." (Pet'r mot. at 4.)

Petitioner cannot establish ineffective assistance of counsel unless he can show two things. First, Petitioner must show deficient performance by counsel. This requires counsel to make errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. Second, Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984). There is a presumption that counsel's conduct fell within the wide range of reasonable professional assistance and petitioner must meet the burden of showing that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688-89.

Petitioner's first argument is meritless because he was made aware, multiple times, that there were no guarantees regarding his potential sentence. The Plea Agreement, voluntarily signed by Petitioner, states, "The Defendant understands that no one–not the prosecutor, the Defendant's attorney, or the Court–can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum." (Plea agreement at 6.) This point was reiterated at Petitioner's plea hearing:

> THE COURT: Do you understand that if the sentence–I'm sure you and Mr. Doele[1] have talked about what you hope the sentence might be, but do you understand if the sentence is more severe than you hoped or expected you'll still be bound by your plea and that alone is no reason to withdraw it?
>
> THE DEFENDANT: I do, your honor.

(Plea Tr. at 14.) Thus, Petitioner admitted under oath to understanding that there were no sentence guarantees, before he ever consulted with Mr. Hettinger. Consequently, it cannot be said that Petitioner was prejudiced by any of Mr. Hettinger's assurances that Petitioner would receive a shorter sentence.

Petitioner's second argument is also without merit. Petitioner has not shown why it was improper for retained counsel to require additional funds for handling an appeal. Additionally, Petitioner states that his appeal representation lacked consultation, yet Petitioner points to no facts supporting this contention. While it may constitute error for counsel not to file an appeal after failing to consult a defendant about whether or not to file, such circumstances are not implicated in the present case because Petitioner did appeal his sentence. *See Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000). More importantly, Petitioner has not shown how counsel's performance

---

[1] Mr. Doele was Petitioner's original court-appointed counsel. Petitioner later substituted Mr. Hettinger as counsel. Petitioner's motion challenges Mr. Hettinger's performance exclusively.

during the appeal was deficient or prejudiced Petitioner. Therefore, the Court rejects Petitioner's ineffective assistance claim.

### IV.  Number of Victims

Petitioner's second argument is that sentencing enhancement under § 2B1.1(b)(2) of the Sentencing Guidelines for more than ten victims was improper. As the Supreme Court has said, § 2255 petitions are not substitutes for direct appeals. *See Reed v. Farley*, 512, U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994); *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982); *Hunter v. United States*, 160 F.3d 1109, 1114 (6th Cir. 1998). The Supreme Court has imposed strict limitations upon the circumstances under which a guilty plea may be attacked on collateral review. *See Bousley v. United States*, 523 U.S. 614, 620, 118 S. Ct. 1604, 1610 (1998); *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 2546-47 (1984).

Because Petitioner appealed his sentence to the Sixth Circuit, *See United States v. Gates, et al.*, 461 F.3d 703 (6th Cir. 2006), yet did not include this claim, it is procedurally defaulted. As such, Petitioner is barred from raising his claim in a § 2255 motion unless he can demonstrate "cause" and "actual prejudice" existed to excuse his failure to raise the issue on direct appeal, or that a constitutional error at the plea proceedings "has probably resulted in the conviction of one who is actually innocent." *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986)); *Hampton*, 191 F.3d at 698-99. To show cause, Petitioner must point to "some objective factor external to the defense" that prohibited him from raising his claim on direct appeal. *See Murray*, 477 U.S. at 488, 106 S. Ct. at 2645. To show prejudice, he must demonstrate an error that worked to his actual and substantial disadvantage. *See Frady*, 456 U.S. at 170, 102 S. Ct. at 1595-96.

Petitioner does not argue that he is actually innocent of the offenses he was convicted of. Additionally, Petitioner does not point to any factors that prohibited him from raising his claim on direct appeal. Nor can Petitioner show prejudice, because his claim is without merit. Primarily, Petitioner argues that the United States government is the only true victim of his fraud. However, the Court heard extensive arguments regarding the proper determination of the number of victims. (Sen. Tr. at 3-8). The Court determined that a two-point enhancement was proper under § 2B1.1(b)(2) because the number of victims exceeded ten and was less than fifty. Petitioner's principal argument at sentencing was that because individual account holders were reimbursed for their temporary financial losses, they were not "victims" for purposes of the Guidelines. The Court accepted this argument pursuant to *United States v. Yagar*, 404 F.3d 967 (6th Cir. 2005), and did not count those persons as victims. It was uncontested that the number of remaining victims exceeded ten. Petitioner provides no reason–or precedent–why this determination was in error. Therefore, the Court rejects Petitioner's claim that his sentencing enhancement was improper.

### V. Prosecutorial Misconduct

Petitioner claims that the Government's request for an upward departure for breaking and entering, which Petitioner allegedly never committed, influenced the Court to sentence him at the top end of the guideline range and amounted to prosecutorial misconduct. Petitioner maintained the same claim on direct appeal. The Sixth Circuit held that Petitioner's claim was unreviewable because he had not alleged any unconstitutional motivation for the alleged prosecutorial misconduct. *Gates*, 461 F.3d at 711 (6th Cir 2006).

A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in the law. *See DuPont v. United*

*States*, 76 F.3d 108, 110-11 (6th Cir. 1996). As a general rule, sentencing matters decided on direct appeal may not be relitigated under § 2255. *Id.* No such exceptional circumstances exist here. Petitioner espouses the same prosecutorial misconduct argument he has already made without providing any exceptional circumstances necessary to maintain it in this motion. As such, Petitioner's claim is procedurally defaulted.

## VI. No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a

reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

### VII. Conclusion

For the reasons set forth above, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate Order will issue.

Dated: February 5, 2008              /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE